United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60035
Summary Calendar

ALIREZA ASSADI; MEHRNOOSH SABETI SANAT,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

----------------------------

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A95-607-024 & A95-607-025

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alireza Assadi and his wife, Mehrnoosh Sabeti Sanat, both citizens of Iran proceeding *pro se*, petition for review of the order of the Board of Immigration Appeals (BIA) denying their requests for withholding of removal and relief under the Convention Against Torture (CAT). They argue that the physical mistreatment Assadi received during his 1986 and 1997 incarcerations in Iran following his engagement in anti-government demonstrations

---

[*] Pursuant to the 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitute past persecution based on his political opinion and torture sufficient to render them eligible for the requested relief. To the extent that the BIA adopted the findings and opinion of the immigration judge (IJ),[1] we review the IJ and BIA's decision to determine whether substantial evidence supports the rulings.[2] Under the substantial evidence standard of review, we may not reverse a factual determination unless we find that the evidence compels a contrary conclusion.[3]

Withholding of removal requires the petitioner to demonstrate a "clear probability" of persecution if repatriated.[4] If Assadi establishes that he suffered past persecution on account of a protected ground, it is presumed that his life or freedom would be threatened in the future.[5] Additionally Assadi need not provide evidence that he would be singled out individually for future

---

[1] The BIA dismissed in part and sustained in part, stating: "...we find that the factual findings of the Immigration Judge are not clearly erroneous, and, in conjunction with our observations, we adopt and affirm the immigration Judge's decision." Reversing the IJ, the BIA granted petitioner's request for voluntary departure.

[2] *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 353 (5th Cir. 2002).

[3] *Chun*, 40 F.3d at 78; 8 U.S.C. § 1252(b)(4)(B) (stating that "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary...").

[4] *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (citing 8 C.F.R. § 208.16(b) (noting that an alien must show that "his life or freedom would be threatened in the proposed country or removal on account of race, religion nationality, membership in a particular social group, or political opinion")).

[5] 8 C.F.R. § 208.16(b)(1)(i).

2

persecution if he demonstrates both a pattern or practice of persecution of a similarly situated class of people in Iran and his inclusion in that group.[6]

The petitioners challenge as unsupported by the evidence the BIA's determination that Assadi did not need medical treatment upon his release from prison and, therefore, that his physical mistreatment while incarcerated did not rise to the level of past persecution.[7] We hold that the BIA could reasonablely draw the inference from the testimony of both Assadi and Sanat that Assadi did not seek medical care because he did not need such treatment. Moreover, the petitioners' argument that the Iranian government engages in a pattern or practice of persecution against persons similarly situated to Assadi is conclusory, devoid of reference to specific evidence in the record.[8]

Assadi lived in Iran for the ten years in between his two terms of imprisonment, both the consequence of a mass arrest. He

---

[6] *Id.* at (b)(2)(ii).

[7] The IJ credited Assadi's testimony. He was detained for 45 and 40 days during which time he was denied counsel, beaten, denied water, struck with an electric baton, and one of his fingers was broken. He was released from the second term of imprisonment only after singing a statement in which he agreed not to participate in any more demonstrations and to pay a $13,000 fine.

[8] Assadi argues that his Uncle's death and that of his "mates" demonstrates a probability of persecution, but he does not establish the cause of death or any connection between his political views and that of his uncle. Moreover, petitioners children and Assadi's parents live in Iran; no evidence suggests that they have been persecuted.

3

had no affiliation with the second protest, in which he participated on impulse. He maintained employment and exercised his freedom to travel outside of the country. The BIA's determination is supported by substantial evidence and the petitioners, therefore, have not established that the evidence compels a conclusion of eligibility for withholding of removal.

Similarly, the evidence does not compel a conclusion that Assadi is entitled to relief under the CAT. Claims based on CAT differ from those for withholding of removal because the mistreatment need not involve one of the five impermissible categories and since proof of torture, rather than persecution, is required.[9] In order to obtain relief, a petitioner must show that it is "more likely than not" that he would be tortured if removed.[10] Assuming that the physical abuse he suffered rises to the level of torture, Assadi was incarcerated only as a result of his participation in two isolated acts of civil disobedience and otherwise lived without incident in the ten-year interim. Substantial evidence supports the BIA's decision, and we, therefore, are not compelled to find that it is more likely than not that Assadi would be tortured if removed.

PETITION FOR REVIEW DENIED.

---

[9] *Efe*, 293 F.3d at 906.

[10] *Ontunez-Tursios*, 303 F.3d at 353 (citing 8 C.F.R. § 208.16(c)(2)).

4